### BENJAMIN D. LUCAS

*v.*

### OLIVER BEEBE.

APPEARANCE—*waiver of right to have appeal dismissed.* Where a party, in attempting to appeal from the judgment of a justice of the peace on the trial of the right of property, did not file his appeal bond until after the expiration of five days, and the appellee appeared in the circuit court, and moved the court to dismiss the appeal for want of an appeal bond, and after cross-motion for leave to amend the bond, moved to dismiss the appeal, it was *held*, that the right to have the appeal dismissed was not waived.

APPEAL from the Circuit Court of McLean county.

This was an appeal from the judgment of a justice of the peace, by Benjamin D. Lucas. The defendant, Beebe, appeared and moved the court to dismiss the appeal for want of a sufficient appeal bond, whereupon the plaintiff entered a cross-motion for leave to amend the bond, and to dismiss the suit. The court then dismissed the appeal on defendant's motion, because it had not been perfected in time.

Mr. EDMOND O'CONNELL, for the appellant

Mr. JESSE BIRCH, for the appellee.

Per CURIAM: This was a proceeding before a justice of the peace, for the trial of the right of property, under our statute. Lucas attempted to appeal to the circuit court, but did not file his appeal bond until after the expiration of five days from the entry of judgment.

Beebe appeared in the circuit court, and moved to dismiss the appeal. The motion was sustained by the court and the appeal dismissed, and from this judgment Lucas appeals to this court.

The only point made by counsel for appellant is, that Beebe having entered his appearance, (counsel insists, a general appearance in the circuit court) could not be allowed to move to dismiss the appeal—that the appearance was such as waived all objections as to the mode of removing the cause to the circuit court.

In this position we can not concur. By a fair construction of the words of the record, we think Beebe had not waived his right to make this motion.

The judgment must be affirmed.

*Judgment affirmed.*